# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Jointly Administered |
| PILLOWTEX CORPOPRATION et al., ) | Case No. 03-12339 (PJW) |
| ) | |
| Debtors, ) | Chapter 11 |
| ) | |
| PILLOWTEX CORPORATION, ) | |
| FIELDCREST CANNON, INC., and ) | |
| THE LESHNER CORPORATION, ) | Adv. Proc. No. 06-50806 (PJW) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERATED DEPARTMENT STORES, ) | |
| INC.; FEDERATED CORPORATE ) | |
| SERVICES, INC.; BLOOMINGDALE'S, ) | |
| INC.; BLOOMINGDALE'S BY MAIL, LTD.; ) | |
| AND MACY'S DEPARTMENT STORES, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR WITHDRAWAL OF THE REFERENCE
## UNDER 28 U.S.C. §157(d) AND FED. R. BANKR. P. 5011

COMES NOW Defendants Federated Department Stores Inc., Federated Corporate Services, Inc. Bloomingdale's, Inc., Bloomingdale's by Mail, Ltd., and Macy's Department Stores, Inc. (collectively referred to as "Defendants" or "Federated"), pursuant to 28 U.S.C. §157(d) and Fed. R. Bankr. P. 5011 and request that the reference be withdrawn in the above-captioned adversary proceeding for those reasons more fully set forth in its Memorandum in Support of Motion for Withdrawal of the Reference Under 28 U.S.C. §157(d) and Fed. R. Bankr. P. 5011 filed contemporaneously herewith and expressly incorporated herein by reference.

| | |
|---|---|
| Dated: October 11, 2006<br>Wilmington, Delaware | EDWARDS ANGELL PALMER & DODGE LLP |

/s/ Mark D. Olviere
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone:   (302) 425-7124
Facsimile:   (302) 777-7263
wchipman@eapdlaw.com
molivere@eapdlaw.com

-and-

FEDERATED DEPARTMENT STORES, INC.
David Martin
Suzanne Woodard
611 Olive Street, Suite 1750
St. Louis, MO  63101
Telephone:   (314) 342-6719
             (314) 342-6050
Facsimile:   (314) 342-3066
david.martin@fds.com
suzanne.woodard@fds.com


Counsel for Defendants Federated Department Stores, Inc.; Federated Corporate Services, Inc.; Bloomingdale's, Inc.; Bloomingdale's By Mail, Ltd.; and Macy's Department Stores, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PILLOWTEX CORPOPRATION <u>et al.</u>,<br><br>Debtors, | ) <br> ) <br> ) Jointly Administered <br> ) Case No. 03-12339 (PJW) <br> ) <br> ) Chapter 11 <br> ) |
| PILLOWTEX CORPORATION,<br>FIELDCREST CANNON, INC., and<br>THE LESHNER CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERATED DEPARTMENT STORES,<br>INC.; FEDERATED CORPORATE<br>SERVICES, INC.; BLOOMINGDALE'S,<br>INC.; BLOOMINGDALE'S BY MAIL, LTD.;<br>AND MACY'S DEPARTMENT STORES,<br>INC.<br><br>Defendants. | ) <br> ) <br> ) <br> ) Adv. Proc. No. 06-50806 (PJW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR WITHDRAWAL OF THE REFERENCE
UNDER 28 U.S.C. §157(d) AND FED. R. BANKR. P. 5011**

---

EDWARDS ANGELL PALMER & DODGE LLP
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 425-7124
Facsimile:   (302) 777-7263

-and-

- ii -

FEDERATED DEPARTMENT STORES, INC.
David Martin
Suzanne Woodard
611 Olive Street, Suite 1750
St. Louis, MO 63101
Telephone: (314) 342-6719
             (314) 342-6050
Facsimile: (314) 342-3066

Counsel for Defendants Federated Department Stores, Inc.; Federated Corporate Services, Inc.; Bloomingdale's, Inc.; Bloomingdale's By Mail, Ltd.; and Macy's Department Stores, Inc.

-i-

# I. TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I. | TABLE OF CONTENTS | i |
| II. | TABLE OF AUTHORITIES | ii |
| III. | STATEMENT OF NATURE AND STAGE OF PROCEEDINGS | 1 |
| IV. | ARGUMENT | 2 |
|     | A. This Action is a Non-Core Proceeding | 3 |
|     | B. Federated has a Constitutional Right to A Jury Trial | 3 |
|     | C. Since this is a Non-Core Proceeding in which a Jury Trial has been Demanded, "Cause" Exists under 28 U.S.C. §157(d) For Withdrawing the Reference from the Bankruptcy Court | 5 |
|     | D. No Judicial Economy Exists in Refusing to Withdraw the Action at this Time | 5 |
| V. | CONCLUSION | 8 |

## II. TABLE OF AUTHORITIES

**Constitution, Statutes and Rules:**

U.S. Const. amend. VII ................................................................................................4

28 U.S.C. § 157(a) ........................................................................................................2

28 U.S.C. § 157(d) ................................................................................................1, 2, 8

28 U.S.C. § 157(e) .....................................................................................................4, 5

28 U.S.C. § 1334(b) ......................................................................................................2

Fed. R. Civ. P. 38 .........................................................................................................7

Fed. R. Bankr. P. 5011(e) ........................................................................................1, 8

Fed. R. Bankr. P. 9015 .................................................................................................4

D. Del. LR. 38.1 ...........................................................................................................4

Del.Bankr.LR 5011-1 ...................................................................................................1

**Cases:**

Ben Cooper, Inc. v. The Insurance Company of the State of Pennsylvania
(In re Ben Cooper, Inc.),
896 F.2d 1394 (2d Cir. 1990) ......................................................................................7

Beard v. Braunstein, 914 F.2d 434 (3d Cir. 1990) ......................................................1

Granfinanciera, S.A. v. Nordberg,
492 U.S. 33, 109 S.Ct. 2782 (1989) .........................................................................3, 4

Hatzel & Buehler, Inc. v. Orange & Rockland Utilities,
107 B.R. 34 (D. Del. 1989) ..........................................................................................6

Holcomb v. Norwest Financial, Inc.,
217 B.R. 239 (N.D. Ill. 1998) ......................................................................................4

Holland America Ins. Co. v. Succession of Roy,
910 F. 2d 992 (5th Cir. 1985) ......................................................................................5

In re Integrated Health Services, Inc.,
291 B.R. 615 (Bankr.D.Del.2003) ...............................................................................3, 4

In re Gurga, 176 B.R. 196 (9th Cir. BAP)……………………………………………..3

In re Marcus Hook Dev. Park Inc., 943 F.2d 261 (3d Cir.1991)……………………3

In re Pruitt, 910 F.2d 1160 (3d Cir. 1990) ................................................................5

In re U.S.A. Floral Products, Inc., 2005 U.S. LEXIS 38912 (Bankr. D. Del. 2005)…7

In re Wood, 825 F.2d 90 (5th Cir. 1987) ...................................................................3

Langenkamp v. Culp,
498 U.S. 42, 111 S.Ct. 330 (1990) ..............................................................................3

NDEP Corporation v. Handl-It, Inc. (In re NDEP Corporation),
203 B.R. 905 (D. Del. 1996) ....................................................................................5,6

Northwestern Institute of Psychiatry, Inc. v. The Travelers Indemnity Company,
272 B.R. 104 (E.D. Pa. 2001) .....................................................................................5

Parsons v. Bedford,
3 Pet. 433 7 L.Ed. 732 (1830) ....................................................................................3

Ross v. Bernhard,
396 U.S. 531, (1970) ..................................................................................................4

Spence v. Southern Mortgage Company,
276 B.R. 149 (Bankr. N.D. Miss. 2001) .....................................................................4

**Other Authorities:**

1 Collier on Bankruptcy, 93.04[1][c] ..........................................................................5

## III. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiffs, Pillowtex Corporation, Fieldcrest Cannon, Inc. and The Leshner Corporation (collectively referred to as "Plaintiffs" or "Pillowtex") filed a single state law breach of pre-petition contract claim ("Action") against Defendants, Federated Department Stores, Inc., Federated Corporate Services, Inc., Bloomingdale's, Inc., Bloomingdale's by Mail, Ltd., and Macy's Department Stores, Inc. (collectively referred to as "Defendants" or "Federated"), on July 28, 2006 in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). Plaintiffs' alleged that Federated breached pre-petition contracts for the purchase of goods. Federated filed an Answer, Affirmative Defenses and a Jury Trial Demand on August 29, 2006. No discovery has been exchanged or answered by any of the parties. No substantive matters or issues have been raised, argued, briefed or decided in the Bankruptcy Court. The only activity that has occurred in this case since the Answer was filed, was the entry of a Scheduling Order on September 26, 2006 setting the Action for trial at least thirty (30) days after May 2007.

Pursuant to the instant motion, Federated is requesting that the District Court withdraw the reference in this Action pursuant to 28 U.S.C. §157(d). Del. Bankr. LR 5011-1 provides that this motion is to be filed with the Bankruptcy Court, but that the motion is to be heard and determined by the District Court. Fed. R. Bankr. P. 5011(a); Del. Bankr. LR 5011-1. Concurrently with the filing of the instant motion, Federated also filed a Motion For Determination that Claims are Non-Core, pursuant to Del. Bankr. LR 5011-1, in which it seeks a determination that this Action be treated as a non-core proceeding.[1]

---

[1] Federated maintains that even if this action is determined to be a "core" proceeding, it is entitled to a jury trial and that such a trial can only take place before the District Court. *See, e.g.*,

IV. **ARGUMENT**

Bankruptcies fall within the jurisdiction of the federal District Courts. Pursuant to 28 U.S.C. §1334(b), the United States District Courts have original jurisdiction in all civil proceedings arising under, arising in and/or relating to a bankruptcy case. Under 28 U.S.C. §157(a), the District Court may refer bankruptcies to the Bankruptcy Court for that District. In fact, the District Court for the District of Delaware has provided that all bankruptcy proceedings be automatically referred to the Bankruptcy Court. *See* Order (*In re Referral of Title 11 Proceedings To the United States Bankruptcy Judges For this District*), entered on September 6, 2001.

However, the District Court may withdraw any case or proceeding referred to the Bankruptcy Court upon showing of "cause." 28 U.S.C. §157(d). "Cause" has been found where the matter is a non-core proceeding and a jury trial has been requested. Other considerations are whether maintaining the Action in the Bankruptcy Court: (1) promotes uniformity of bankruptcy administration; (2) reduces forum shopping and confusion; (3) fosters economical use of debtor/creditor resources; (4) expedites the bankruptcy process; and (5) whether the request for withdrawal is timely.

All possible considerations and factors supporting a withdrawal of this Action have been fulfilled. First, this case is a non-core proceeding. Second, Federated has requested a jury trial. Third, the denial of the withdrawal would not promote the uniformity of the bankruptcy administration, reduce forum shopping, foster economic use of resources, or expedite the bankruptcy process. Finally, Federated's request is timely. Federated has met all of the

---

Beard v. Braunstein, 914 F.2d 434, 437 (3d Cir. 1990) (bankruptcy litigant's right to a jury trial does not depend on whether proceeding is designated as core or non-core proceeding).

enumerated factors supporting a withdrawal, even though it is not required to meet each of the factors. Therefore, "cause" clearly exists for the District Court to withdraw the reference from the Bankruptcy Court.

### A. This Action is a Non-Core Proceeding.

One of the most important factors in the determination of the withdrawal is whether the adversary proceeding is a core or non-core proceeding. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under §157(c)(1) it is an 'otherwise related' or non-core proceeding." In re Wood, 825 F.2d 90 (5th Cir.1987). A state law breach of contract claim does not invoke a substantive right created by bankruptcy and can exist outside of bankruptcy, therefore, it is not a core proceeding. See, In re Integrated Health Services, Inc., 291 B.R. 615, 618 (Bankr. D. Del. 2003) (allegations of breach of fiduciary duty and waste of corporate assets are state law causes of action and therefore, non-core proceedings); In re Gurga, 176 B.R.196, 199 (9th Cir. BAP) (breach of contract claim is a non-core proceeding).

Since the Action is non-core, the Bankruptcy Court's power over the case is limited in that all final orders and judgments in the Action can only be entered by the District Court. In re Marcus Hook Dev. Park Inc., 943 F.2d 261 (3d Cir.1991).

### B. Federated has a Constitutional Right to a Jury Trial.

The Seventh Amendment of the U.S. Constitution guarantees litigants a right to a trial by jury "in Suits at common law… ." The term "Suits at common law" means "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights

alone were recognized, and equitable remedies were administered." *See* Langenkamp v. Culp, 498 U.S. 42, 44, 111 S.Ct. 330, 331 (1990); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41, 109 S.Ct. 2782, 2790 (1989) (*quoting* Parsons v. Bedford, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)) (emphasis in original). Accordingly, in all *legal* actions, litigants have the right to a trial by jury. Granfinaciera, 492 U.S. at 41, 109 S.Ct. at 2790.

Pillowtex has filed a simple one count Complaint against Federated alleging a breach of contract for the alleged failure to pay pre-petition contracts for the sale of goods. Since the allegations are purely legal in nature, Federated is entitled to a jury trial under the Seventh Amendment to the Constitution. *See*, Ross v. Bernhard, 396 U.S. 531, 542 (1970)(claim grounded in ordinary breach of contract is a legal claim); In re: Integrated Heath Services, Inc., 291 B.R. 614, 622 (Bankr. D. Del. 2003) (acknowledging the right to jury trial when a breach of fiduciary duty was alleged). In the matter at hand, Federated properly demanded a jury trial in its Answer in accordance with Fed. R. Civ. P. 38 (as incorporated in and made applicable to these proceeding pursuant to Fed. R. Bankr. P. 9015) and D. Del. LR. 38.1.

Pursuant to 28 U.S.C. § 157(e), "[a] bankruptcy court cannot conduct a jury trial without the express consent of all the parties." See also, Holcomb v. Norwest Financial, Inc., 217 B.R. 239, 241 (N.D. Ill. 1998). Thus, if Federated does not consent to a jury trial before the Bankruptcy Court, the action must be tried before a jury in District Court. Id.; Spence v. Southern Mortgage Company, 276 B.R. 149, 155 (Bankr. N.D. Miss. 2001). Federated has not consented–and does not consent to–having this matter tried before a jury in the Bankruptcy Court. *Cf.* Fed. R. Bankr. P. 9015(b) (providing that parties wishing to consent to a jury trial in bankruptcy court must file a "statement of consent" with the bankruptcy court).

Yet even if Federated were willing to consent to have this action tried by a jury before the Bankruptcy Court (which it is not), the bankruptcy judges in this District have not been specifically designated to conduct jury trials. Since Federated has requested a jury trial and the Bankruptcy Court does not have authority to preside over a jury trial, in accordance with the provisions of 28 U.S.C. §157(e), this action must be tried before a jury in the District Court.

**C. Since this is a non-core proceeding in which a jury trial has been demanded, "cause" exists under 28 U.S.C. §157(d) for withdrawing the reference from the Bankruptcy Court.**

There is sufficient cause to withdraw the reference when a party demands a jury trial in a non-core proceeding and the Bankruptcy Court lacks authority under 28 U.S.C. §157(e) to conduct a jury trial. Northwestern Institute of Psychiatry, Inc. v. The Travelers Indemnity Company, 272 B.R. 104, 111-2 (E.D. Pa. 2001); 1 Collier on Bankruptcy, ¶3.04[1][c] at 3-57, n.3 (15th Rev. Ed. 2001) ("It has been held that the inability of a bankruptcy court to hold a jury trial without the parties' consent is grounds for withdrawing the reference."). As the court explained in NDEP Corporation v. Handl-It, Inc. (In re NDEP Corporation), 203 B.R. 905 (D. Del. 1996), "[b]ecause the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. *For this reason alone withdrawal is compelled*." NDEP Corporation, 203 B.R. at 914 (emphasis added).

**D. No judicial economy exists in refusing to withdraw the case at this time.**

Generally when a jury demand has been made in a non-core proceeding and the motion to withdraw has been timely filed, any remaining considerations are also fulfilled. Courts have

- 6 -

identified five additional considerations that may be examined before the grant of withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir.1990) (adopting Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir.1985)). Such considerations are: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal.

Application of these five factors clearly militates in favor of withdrawing the reference in this case. With respect to factors 1, 2, and 4, the non-core legal breach of contract claim is distinct from any other claims pending against any other defendants in the bankruptcy proceeding. The Action against Federated is individual, unique, and shares no proof, evidence or information relative or pertinent to the rest of the bankruptcy proceedings. Federated has not filed a proof of claim and is not involved in any other aspect of the bankruptcy. Therefore, the withdrawal of this state law breach of contract litigation will not affect the uniformity of the bankruptcy administration, the economical use of debtor/creditor resources, or the timing of the bankruptcy. It is entirely separate and distinct from the bankruptcy proceedings.

Just as important, the Bankruptcy Court has no information, experience, evidence or background regarding the facts, allegations, and claims of this Action. Pillowtex's alleged contracts with Federated are unique to Federated. Legal and factual issues relating to the alleged Federated contracts are not duplicative of any other legal or factual issue previously before this court. Pillowtex's claims against Federated were only recently filed and no discovery has been exchanged or answered. No facts or issues regarding Federated or its alleged contracts have ever been before the Bankruptcy Court.

Because the Bankruptcy Court's decisions will be subject to de novo review by the District Court, judicial economy is definitely *not* served by retaining a case in Bankruptcy Court that will be tried in District Court,. In Re NDEP, 203 B.R. at 908; Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, 107 B.R. 34 (D. Del. 1989). The parties can file motions for summary judgment at any time during the pendency of this case. Because the Bankruptcy Court's decision on a summary judgment is subject to de novo review by the District Court, judicial resources and economy are conserved if this case in withdrawn immediately, before the parties have the opportunity to file any such motions. It simply makes no sense to maintain a matter in a court that does not finally decide summary judgment, cannot hold the trial, and has no background or information regarding the facts and issues of this state law breach of contract against Federated. See, In Re U.S.A. Floral Products, Inc., 2005 U.S. Dist. LEXIS 38912 *4 (Bankr. D. Del. 2005) (because defendants were entitled to a jury trial, it was more efficient for the district court to manage the pretrial matters).

Further, reducing forum shopping and confusion (Factor 2) is irrelevant, as Federated is not requesting that this case be transferred to another District, another venue or another jurisdiction. This case is already within the District Court of Delaware. Federated is simply requesting that the Article III branch of the District of Delaware and not the Article I branch of the District Court of Delaware adjudicate this case.

Finally, Federated has filed its motion requesting withdrawal in a timely manner, thereby fulfilling the last factor. This Action is its infancy stages. Federated filed its Answer less than 45 days ago, no discovery has been exchanged or taken, and no motions have been filed, heard or ruled upon. Other than the entry of a Scheduling Order setting this case for trial sometime after May 2007, there has been no activity between the parties or involving the Court.

Since Federated clearly and unambiguously fulfills every potential factor that could possibly be relevant to a withdrawal of this case, the reference should be withdrawn immediately.

## V. **CONCLUSION**

For all of the foregoing reasons, there is sufficient cause to immediately withdraw the reference with respect to the Action. Defendant Federated respectfully submits that the Court should grant its Motion for Withdrawal of the Reference pursuant to 28 U.S.C. §157(d) and Fed. R. Bankr. P. 5011.

October 11, 2006

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

/s/ Mark D. Olivere
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone:   (302) 425-7124
Facsimile:    (302) 777-7263

-and-

FEDERATED DEPARTMENT STORES, INC.
David Martin
Suzanne Woodard
611 Olive Street, Suite 1750
St. Louis, MO  63101
Telephone:   (314) 342-6719
                     (314) 342-6050
Facsimile:   (314) 342-3066

Counsel for Defendants Federated Department Stores, Inc.; Federated Corporate Services, Inc.; Bloomingdale's, Inc.; Bloomingdale's By Mail, Ltd.; and Macy's Department Stores, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Jointly Administered |
| | ) Case No. 03-12339 (PJW) |
| PILLOWTEX CORPOPRATION et al., | ) |
| | ) Chapter 11 |
| Debtors, | ) |
| | ) |
| PILLOWTEX CORPORATION, | ) |
| FIELDCREST CANNON, INC., and | ) |
| THE LESHNER CORPORATION, | ) Adv. Proc. No. 06-50806 (PJW) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERATED DEPARTMENT STORES, | ) |
| INC.; FEDERATED CORPORATE | ) Related to Docket No._____ |
| SERVICES, INC.; BLOOMINGDALE'S, | ) |
| INC.; BLOOMINGDALE'S BY MAIL, LTD.; | ) |
| AND MACY'S DEPARTMENT STORES, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

### ORDER WITHDRAWING REFERENCE

This matter comes before the Court on the Motion (the "Motion") of Defendants Federated Department Stores, Inc., Federated Corporate Services, Inc., Bloomingdale's, Inc., Bloomingdale's by Mail, Ltd., and Macy's Department Stores, Inc., made pursuant to 28 U.S.C. § 157(d), to withdraw the order of reference from the United States District Court for the District of Delaware to the United States Bankruptcy Court for the District of Delaware in the above-captioned adversary proceeding. Having duly considered the submission of the parties, the Court **GRANTS** the Motion.

- 2 -

Accordingly, it is **HEREBY ORDERED** that the above-captioned adversary proceeding, is withdrawn from the United States Bankruptcy Court for the District of Delaware to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 157(d).

Dated: October _____, 2006
       Wilmington, Delaware

                                                                  _____
                                                                  United States District Judge

TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**Adversary Case #:**     06-50806
**Related Bankruptcy Case #:** 03-12339
**District Court Civil Action#:**

**Deputy Clerk Transferring Case:**     Lori M. Coster

**Case Type:**     Adversary

**Nature of Suit:**     Recover Money or Property)

**Cause of Transmittal:**     Motion to Withdraw the Reference

**Parties:**

**Pillowtex Corporation and Fieldcrest Cannon, Inc.**, et al. v. **Federated Department Stores, Inc, et al.**

**Plaintiff's Counsel:**

**Gilbert R. Saydah, Jr.**
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
302-658-9200
Fax : 302-658-3989
Email: gsaydah@mnat.com .

**Suzanne M. Grosso**
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
212-909-6000
*LEAD ATTORNEY*

**Defendant's Counsel:**

**Mark Daniel Olivere**
Edwards Angell Palmer & Dodge LLP
919 N. Market Street
Suite 1500
Wilmington, DE 19801
302-425-7104
Fax : 888-325-7274
Email: molivere@eapdlaw.com

**William E. Chipman, Jr.**
Edwards Angell Palmer & Dodge
919 North Market Street
Suite 1500
Wilmington, DE 19801
302-425-7124
Fax : 302-777-7263
Email: wchipman@eapdlaw.com

revised: 10/20/03

Z:\FORMS\TRANSWTH.wpd